IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMOND STARRITT, | No. C 16-1380 WHA (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| HUMBOLDT COUNTY CORRECTIONAL FACILITY, | (Dkt. No. 13) |
| Respondent. | |

## INTRODUCTION

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. 2254 challenging his state court conviction. Respondent has filed a motion to dismiss the petition for failure to exhaust state court remedies. Petitioner filed an opposition, and respondent filed a reply brief. The motion is granted and the case is dismissed without prejudice.

## ANALYSIS

It is clear from the face of the petition that the petition is not exhausted. In order Respondent argues that the instant petition is not exhausted. An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner states in his petition that he did not appeal or seek other form of collateral review of

his conviction in the state courts before filing the instant federal petition (Pet. 4-5). Petitioner admits as much in his opposition, stating that he is currently pursuing a state court appeal (Opp. 1). The exhaustion requirement is not satisfied if an appeal of a state conviction is pending in the state appellate court. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *see also Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (appropriate time to assess exhaustion is when federal petition filed, not when it is reviewed in federal court; if petitioner exhausts after filing, he can raise claims in subsequent petition). Petitioner states that the reason he did not seek appellate review in the state courts before filing his federal petition is that he is seeking "swifter justice" (*ibid.*; Pet. 5). Petitioner may not circumvent the requirement that he exhaust his state court remedies prior to seeking federal habeas review simply because he wants to expedite relief. As petitioner has not exhausted any of his claims, the petition must be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (wholly unexhausted petition must be dismissed).

Petitioner alternatively asks for a stay of this petition. "[A] district court has discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*." *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016). To qualify for a stay under *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), the petition must be potentially meritorious and there must be good cause for failure to exhaust his claims before filing his federal petition. Wanting "swifter justice" is not good cause for failing to exhaust prior to filing in federal court. Accordingly, a stay is not warranted.

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss (dkt. 6) is **GRANTED** and the petition is **DISMISSED** without prejudice to filing a federal habeas petition after the California Supreme Court has ruled on petitioner's claims.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that a

reasonable jurist would find the dismissal of his petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February  13 , 2017.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE